## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| SHON ROBERT AUSTIN, : <br> : <br> Petitioner, : <br> : NO. 5:09-CV-204 (HL) <br> VS. : <br> : <br> DENNIS BROWN, : <br> : Proceedings Under 28 U.S.C. §2254 <br> Respondent. : Before the U.S. Magistrate Judge <br> : | |

### RECOMMENDATION TO DENY RELIEF

Before the court is Shon Robert Austin's 28 U.S.C. §2254 petition seeking habeas corpus relief. In this petition, Austin alleges that he received ineffective assistance of trial counsel and suffered violations of his due process rights. Doc. 1. A review of the record demonstrates that these allegations are procedurally defaulted. Consequently, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

### FACTUAL AND PROCEDURAL HISTORY

On February 1, 2006, following a trial by jury in Houston County, Georgia, Petitioner was convicted for the offenses of kidnapping, false imprisonment, and battery. He was sentenced to twenty years confinement, to serve seventeen years for the kidnapping, and a concurrent twelve months for the battery The false imprisonment charge was merged with the kidnapping charge for purposes of sentencing.

After sentencing, through trial counsel Attorney Bennett T. Willis, Jr., Petitioner filed a motion for new trial alleging that the verdict and judgment were: 1) contrary to law and the principles of justice and equity; 2) contrary to the evidence; and, 3) against the weight of the evidence. Doc. 13-5, p.57. Soon afterwards, but before a hearing on the motion was held, Willis

withdrew. Petitioner then discharged the attorney appointed by the trial court to replace Willis and elected to proceed pro se. During the hearing on his motion for new trial, in spite of the fact that his original motion for new trial had never been amended, Petitioner was allowed to argue several claims of ineffective assistance of trial counsel. The motion for new trial was later denied. Id. at p.59-p.60.

Petitioner then filed a direct appeal. Doc. 13-6, p.23. On direct appeal, Petitioner challenged the sufficiency of the evidence, the admission of certain evidence, the conduct of the prosecutor, and the effectiveness of his trial counsel. The Georgia Court of Appeals found that these claims lacked merit and affirmed the Petitioner's convictions and sentences. Austin v. State, 648 S.E.2d 414 (Ga. App. 2007).

Petitioner next filed a habeas corpus petition in the state court, enumerating five grounds of ineffective assistance of counsel. Following an evidentiary hearing, in an order dated November 21, 2008, the state habeas court denied relief. Soon afterwards, Petitioner filed the instant federal habeas corpus petition.

## DISCUSSION

As indicated above, Petitioner seeks federal habeas relief based upon claims of ineffective assistance of trial counsel and violations of his rights to due process. Though Petitioner raised these issues on direct appeal and/or in his state habeas petition, it does not appear that he fairly presented these or any other claims to the state's highest court as required by 28 U.S.C. §2254(b)(1)(A). See also O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Because the time during which he could have sought any such state-court appellate review has long since expired, his claims are procedurally defaulted under Georgia law. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (when the petitioner fails to exhaust state remedies and the court to which the petitioner would be required to

present his claims in order to meet the exhaustion requirement would now find the claim procedurally barred, then there is a procedural default for purposes of federal habeas).

Where, as here, a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice, Engle v. Isaac, 456 U.S. 107, 129 (1982), or a showing that a fundamental miscarriage of justice will occur if the federal court does not consider the claim. Coleman, supra, at 750. Petitioner has failed to allege or establish cause and prejudice for his procedural default. Likewise, there has been no showing that a fundamental miscarriage of justice will result if his claims are not addressed on the merits. McClesky v. Zant, 499 U.S. 467, 495 (1991). In view of the above, **IT IS RECOMMENDED** that his petition be **DENIED.**

In addition, pursuant to the requirements of § 2254 Rule 11(b), it does not appear to that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Thus, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 6th day of May, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge